United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
John Patrick Brewer,  
        Debtor.

Case No. 10-70729-R  
Chapter 7

_____/

Ronald G. Korte,  
        Plaintiff,

v.

Adv. No. 11-4011

John Patrick Brewer,  
        Defendant.

_____/

**<u>Opinion Granting Defendant's Motion<br>for Judgment on the Pleadings</u>**

**I.**

On October 4, 2010, John Patrick Brewer filed for chapter 7 relief. He listed a state court judgment debt in the amount of $45,000 owed to Ronald Korte.

On January 3, 2011, Korte filed this adversary proceeding against Brewer seeking a determination of nondischargeability of debt under 11 U.S.C. § 523(a)(4). In the complaint, Korte alleges that Brewer negotiated a $25,000 check belonging to Korte, and, in partial repayment of that amount, Brewer issued $15,000 in checks to Korte written on an account that Brewer knew did not have sufficient funds. Korte alleges that Brewer's actions of knowingly issuing bad checks constitutes fraud under § 523(a)(4).

On August 9, 2011, Brewer filed a motion for judgment on the pleadings. Brewer contends that Korte failed to properly allege a fiduciary capacity, or facts sufficient to find a fiduciary

capacity, as required by § 523(a)(4).

## II.

Brewer moves to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (applicable in adversary proceedings by virtue of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure). In deciding a Rule 12(b)(6) motion, the court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted). However, the court need not accept a "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

In *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488-89 (6th Cir. 2009), the Sixth Circuit summarized the standard for evaluating a 12(b)(6) motion:

> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1974, 1965 (2007), the Supreme Court stated that to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level."
>
> Just weeks after the Twombly decision, however, the Supreme Court cited *Twombly* to reaffirm the liberal pleading standard in Rule 8(a)(2): "Rule . . . 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Twombly*, 127 S. Ct. at 1964). On several occasions, the Sixth Circuit has identified "uncertainty regarding the scope of *Twombly*," and noted that *Twombly* may be "limited to expensive, complicated litigation." *Gunasekera*, 551 F.3d at 466. In reviewing a motion to dismiss, "[w]e read *Twombly* and *Erickson* in conjunction with one another." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008).

2

*Id*.

Section 523(a)(4) provides that a chapter 7 discharge does not discharge an individual from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. § 523(a)(4). To satisfy the fiduciary capacity element of § 523(a)(4) in the context of fraud or defalcation, the fiduciary capacity must be based on "the existence of a pre-existing express or technical trust whose res encompasses the property at issue." *Commonwealth Land Title Co. v. Blaszak* (*In re Blaszak*), 397 F.3d 386, 391 (6th Cir. 2005).

To establish the existence of an express or technical trust, the creditor must demonstrate: "(1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary." *In re Blaszak*, 397 F.3d at 391-92.

Korte's complaint fails to identify a trust creating a fiduciary relationship. Further, there are no facts alleged that would support the finding of a fiduciary relationship. Korte merely alleges fraud. Accordingly, the complaint fails to state a claim under § 523(a)(4), and is therefore dismissed.

In the interests of justice, and because Korte is proceeding *in pro per*, the Court will grant Korte 14 days within which to file a motion for leave to file an amended complaint that states a proper claim for relief.

Not for Publication

**Signed on October 03, 2011**

                                                 /s/ Steven Rhodes
                                                 **Steven Rhodes**
                                                 **United States Bankruptcy Judge**